# SARITA KEDIA
LAW OFFICES, P.C.

5 EAST 22ND STREET, SUITE 7B
NEW YORK, NEW YORK 10010
WWW.KEDIALAW.COM

INFO@KEDIALAW.COM                                                   TEL: 212.681.0202
                                                                    FAX: 212.614.0202

March 16, 2012

**BY ECF**

Honorable Stephen M. Gold
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:     *United States v. Farese*, Ind. No. 12 Cr. 094

Dear Judge Gold:

       In advance of today's bail hearing, I respectfully write in further support of Mr. Farese's application for bail.

       The government seeks pre-trial detention based primarily on Mr. Farese's alleged dangerousness to the community.  Although the government does not contest that Mr. Farese's case does not fall within any provision of 18 U.S.C. § 3142(f)(1), it argues that Mr. Farese may nevertheless be detained on dangerousness grounds because of his purported status in a criminal organization.  See Government's Letter dated Mar. 5, 2012 ("Govt. Ltr."), at 3-5.  The Bail Reform Act, however, does not permit pre-trial detention on dangerousness grounds on that basis.  Rather, 18 U.S.C. § 3142 specifically provides that the government may only seek detention based on dangerousness where the case involves one of the instances delineated in 18 U.S.C. § 3142(f)(1).  See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988) ("The Bail Reform Act limits the circumstances under which a district court may order pretrial detention. A motion seeking such detention is permitted only when the charge is for certain enumerated crimes [as set forth in] 18 U.S.C. § 3142(f)(1) … or when there is a serious risk that the defendant will flee, or obstruct or attempt to obstruct justice.  Id. § 3142(f)(2)."), citing United States v. Salerno, 481 U.S. 739 (1987) (emphasis added); United States v. Ploof, 851 F.2d 7, 11 (1st Cir. 1988) ("Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists."); United States v. Himler, 797 F.2d 156, 160 (3d Cir. 1986) (The Bail Reform Act does not authorize "pretrial detention upon proof of danger to the community other than from those offense which will support a motion for detention.").

Honorable Stephen M. Gold
Chief United States Magistrate Judge
March 16, 2012
Page 2


No case relied upon by the government states otherwise.  Rather, in each and every case cited in the government's detention letter, the court first determined that the defendant was charged with a crime of violence or that one of the other § 3142(f) conditions applied.  In United States v. Ciccone, 312 F.3d 535, 542 (2d Cir. 2002), for example, the Second Circuit first analyzed whether the defendant Peter Gotti, alleged to be the acting boss of the Gambino family, was charged with a crime of violence.  The Ciccone court found that engaging in a racketeering conspiracy which included predicate acts of violence constituted a crime of violence under the Bail Reform Act and, therefore, the defendant could be detained on dangerousness grounds.  Id.  Mr. Farese, of course, is not charged with participating in a racketeering conspiracy or any other crime of violence.  Rather, he is charged only with laundering and conspiring to launder $40,000.

Moreover, even if the government were entitled to seek detention on dangerousness grounds – which it is not – the Second Circuit has made abundantly clear that a defendant's alleged membership or position in a criminal enterprise is insufficient to warrant pre-trial detention.  See Ciccone, 312 F.3d at 543 (Explicitly declining to embrace a *per se* rule of detention for those holding even the position of boss or acting boss of a crime family); see also United States v. Cirillo, 149 Fed. Appx. 40, 43 (2d Cir. 2005) ("there is no *per se* rule requiring the detention of organized crime leaders").  Rather, courts must engage in "a fact-intensive analysis of the quality and quantity of evidence produced at the bail hearing in determining the defendant's role in the violent RICO enterprise alleged, and whether the acts committed by the enterprise, combined with his leadership role within the enterprise, justif[y] pretrial detention."  Ciccone, 312 F.3d at 543 (citations omitted).

Here, the government claims that Mr. Farese accepted a high-ranking position in the Colombo family in or around November of 2011.  But there is no evidence that, in that alleged role, Mr. Farese directed the commission of any crimes, let alone crimes of violence.  Indeed, the government has presented no evidence that anyone associated with the enterprise committed any crimes of violence during Mr. Farese's alleged two month long tenure in a high-ranking spot, let alone that Mr. Farese knew about or directed such activity.  And Mr. Farese has no history whatsoever of engaging in or directing any violence.  Rather, the most the government has been able to muster, even with a cooperating witness recording conversations with Mr. Farese from May until December of 2011, is this extremely weak money laundering allegation.  Therefore, Mr. Farese clearly cannot and should not be detained on dangerousness grounds.

The government's secondary contention that Mr. Farese poses a flight risk because he "faces a substantial sentence in light of his criminal history and parole violation," Govt. Ltr. at 10, also has no merit.  Indeed, even if the charges were more serious and Mr. Farese faced a substantial sentence, the Second Circuit has made clear that detention based on alleged flight risk "require[s] more than evidence of the commission of a serious crime and the fact of a potentially long sentence."  Friedman, 837 F.2d at 50.

Honorable Stephen M. Gold
Chief United States Magistrate Judge
March 16, 2012
Page 3


  And in this case, if convicted at trial, Mr. Farese faces a guidelines sentence of <u>27 to 33 months</u>, taking into account his criminal history.  Moreover, the case is extraordinarily weak, and Mr. Farese fully intends to contest the allegations and be exonerated.  Finally, Mr. Farese's history demonstrates that he presents no flight risk.  When released on bail in 1996 in connection with charges then pending in the Southern District of Florida, Mr. Farese appeared as required, despite the fact that he faced significantly more time there (108 to 135 months) than he does here.  Thus, there is no question that a one million dollar personal recognizance bond secured by property owned by Mr. Farese's wife Suzanne, to whom he has been married for more than 40 years, together with the additional conditions proposed and any other the Court deems necessary, is sufficient to "reasonably assure" his appearance as required. 18 U.S.C. § 3142(c).

  Accordingly, we respectfully ask that the Court grant Mr. Farese's application for release on bail pending trial.

            Respectfully yours,
             /s/
             Sarita Kedia


cc:  AUSA Jack Dennehy
   (By ECF)