# SARITA KEDIA
LAW OFFICES, P.C.

5 EAST 22ND STREET, SUITE 7B
NEW YORK, NEW YORK 10010
WWW.KEDIALAW.COM

INFO@KEDIALAW.COM                                                                 TEL: 212.681.0202
                                                                                  FAX: 212.614.0202

July 19, 2012

**BY ECF**

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

*Re:*     *United States v. Farese*, Ind. No. 12 Cr. 094

Dear Judge Block:

      I respectfully write in response to the July 16, 2012, memorandum issued by Pretrial Services asking that Mr. Farese's bail be revoked in light of his June 27, 2012, arrest for a supervised release violation in the Southern District of Florida.  The alleged violation is based solely on the charges in this case and not on any conduct by Mr. Farese subsequent to his release on bail.  Indeed, Mr. Farese has been fully compliant with his pretrial release conditions since his release in March of this year.  Thus, there is no basis whatsoever to revoke Mr. Farese's bail.  Accordingly, we ask that, if Mr. Farese is released on the alleged parole violation, bail be continued in this case.

**Procedural History**

      On January 3, 2012, Mr. Farese was charged by complaint with laundering and conspiring to launder $40,000 for Reynold Maragni, a government cooperator.  He was arrested on the complaint two days later in the Southern District of Florida, where he resides.  Due to an oversight, however, Mr. Farese was not transported to this jurisdiction until March 14, 2012.  On March 16th, Mr. Farese first appeared in the Eastern District of New York and moved for bail pending trial.  The government argued for detention, noting that Mr. Farese was on special parole at the time of the instant allegations.  After fully considering all arguments, **including the fact that Mr. Farese was on special parole at the time of the offense alleged here**, Chief Magistrate Judge Steven M. Gold found that Mr. Farese's release on bail was warranted.  Your Honor upheld Judge Gold's determination, and Mr. Farese was released on March 20th.

Honorable Frederic Block
United States District Judge
July 19, 2012
Page 2


Notably, although the government initially moved to detain Mr. Farese, it later consented to his bail conditions being modified to permit Mr. Farese to work. On May 2, 2012, Your Honor granted Mr. Farese's application to work. Also with the government's consent, Your Honor granted Mr. Farese's request to travel with his wife to Hawaii for a wedding from August 28 through September 5, 2012. Mr. Farese has scrupulously complied with his conditions of release since he was granted bail.

### Mr. Farese's Alleged Parole Violation

On June 27, 2012, Mr. Farese was arrested on an alleged parole violation. Oddly, while the request for a warrant was made immediately following the filing of the January 3, 2012, complaint in this case, a warrant was not issue until June 4, 2012. See Ex. A. As the January 4, 2012, warrant request shows, the alleged violation is based solely on the allegations set forth in the complaint. See id. Specifically, the application alleges that Mr. Farese laundered $40,000 between November 2011 and January 2012. See id. It also alleges that during that same time period he associated with his co-defendant Patsy Truglia, an individual with a prior felony conviction. See id. Critically, the alleged parole violation is **not** based on any conduct by Mr. Farese **subsequent** to his release on bail in this case.

### Mr. Farese's Release on Bail Should Continue

As the Court knows, this case is scheduled for trial on October 1, 2012. Although Mr. Farese initially requested a speedy trial, once he was released on bail, he agreed to a fall trial date. Mr. Farese remains presumptively innocent and presumptively eligible for continued release on bail pending trial. The charges in this case are extremely thin. Indeed, as set forth in Mr. Farese's initial application for bail, the evidence does not show that Mr. Farese laundered money or conspired to do so. See Ex. B. There is no evidence whatsoever that Mr. Farese and his co-defendant Patsy Truglia had any contact. Rather, the evidence shows only that Reynold Maragni, an individual cooperating with the government at the time of the alleged offense, informed Mr. Farese that he (Maragni) intended to give Truglia $40,000 in cash in exchange for a check. Absent is any proof that Mr. Farese was a participant in or aided in the transaction or that he conspired to do so.

In the extremely unlikely event of a conviction, the guidelines for the alleged conduct are only 27 to 33 months imprisonment. Moreover, since Mr. Farese's release on bail in March of this year, he has fully complied with his release conditions. He has not committed any crimes, nor has he violated any other conditions of supervision. Therefore, he has demonstrated that he poses no flight risk or danger that his release conditions have not sufficiently eliminated.

Honorable Frederic Block
United States District Judge
July 19, 2012
Page 3

   Accordingly, we respectfully submit that, should Mr. Farese be released on the alleged parole violation, bail pending trial should continue in this case. We will inform Mr. Farese that he is to immediately report to his supervising pretrial services officer upon his release in order that he may be appropriately monitored.

            Respectfully yours,
            /s/
            Sarita Kedia

cc: AUSA Jack Dennehy
   (By ECF)

   Anna Lee
   Ignace Sanon Jules
   Pretrial Services Officers
   (By e-mail)